## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

———————————————————————

| | |
|---|---|
| JOHN W. CANDELORA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 07-40049-FDS |
| STEVEN O'BRIEN, ) | |
| ) | |
| Respondent. ) | |

———————————————————————)

## MEMORANDUM AND ORDER

**SAYLOR, J.**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pending before the Court are a motion for an evidentiary hearing and a motion for appointment of counsel, both filed *pro se* by petitioner John W. Candelora, and a motion to dismiss the petition filed by respondent Steven O'Brien.

On July 12, 2007, Magistrate Judge Hillman issued an order denying petitioner's motion for appointment of counsel.  Candelora subsequently filed a letter setting forth what the Court will deem to be a motion to reconsider that order.  For the reasons stated below, the motion to dismiss the petition will be granted; the motion for an evidentiary hearing will be denied; and the motion to reconsider the order of the Magistrate Judge will be denied.

## I.    Background

On March 9, 2001, a Plymouth Superior Court jury convicted petitioner John W. Candelora on the following charges:  (1) forcible rape of a child; (2) statutory rape; (3) assault

with intent to rape; and (4) three counts of indecent assault and battery on a child under the age of 14 (involving two separate victims).[1]  He is currently incarcerated.

Petitioner filed a timely notice of appeal to the Appeals Court of Massachusetts on March 12, 2002.  He sought to vacate his convictions on five separate grounds.  First, he argued that the trial judge committed reversible error when the court admitted a "subsequent bad act" that petitioner alleged was too remote in time to prove an inclination to commit the acts charged in the indictment.  Second, he argued that the judge improperly permitted the prosecutor to cross-examine him regarding a letter he had written to his wife about the crimes charged.  His third and fourth grounds both asserted that he was deprived of a fair trial because of alleged prosecutorial misstatements of the evidence during closing argument.  Finally, he contended that a certain physical act, as a matter of law, could not constitute indecent assault and battery and requested that those three convictions be vacated.

The Appeals Court rendered its opinion on December 19, 2003.  *Commonwealth v. Candelora,* 2003 WL 22992125 (Mass. App. Ct. 2003).  The court rejected the first four grounds of appeal and affirmed the convictions and sentences for forcible rape of a child, statutory rape, and assault with intent to rape.  *Id.* at *1-2.  The court also affirmed the conviction and sentence for indecent assault and battery as to one specific victim.  *Id.* at *3.  The court, however, agreed with petitioner's fifth ground of appeal as to two of the convictions, and vacated those convictions and sentences.  *Id.* at *3.

---

[1]  Petitioner's present grounds for habeas relief do not implicate the underlying factual circumstances of his convictions or trial.  *See Commonwealth v. Candelora,* 2003 WL 22992125, *1-3 (Mass. App. Ct. 2003) (description of the March 9, 2001 trial); *Brief and Appendix for the Commonwealth* (Appeals Court of Massachusetts), 2003 WL 23930097, *4-11 (2003) (describing facts giving rise to charged offenses).

Petitioner then timely filed an application for leave to obtain further appellate review with the Massachusetts Supreme Judicial Court. *Commonwealth v. Candelora,* 441 Mass. 1104 (2004). On March 10, 2004, the Supreme Judicial Court denied the application and declined to hear the case. *Id.* Petitioner had 90 days after that denial to file a petition for writ of certiorari with the United States Supreme Court. *See* 28 U.S.C. § 2101(d), *United States Supreme Court Rule* 13.1. He did not do so, and the 90-day period accordingly expired on June 8, 2004.

After the decision of the Supreme Judicial Court, petitioner had one remaining motion outstanding related to his trial. On March 12, 2001, petitioner filed a motion to revise and revoke his sentence with the trial judge that presided over his case. *See* Mass. R. Crim. P. 29. That motion was finally denied by the trial judge on May 17, 2006.

On March 5, 2007, Candelora filed the present petition for a writ of habeas corpus. The petition consisted of the basic habeas form, which allows space for only a very brief description of the grounds for the petition and the facts supporting those grounds; petitioner did not submit an accompanying memorandum. His stated grounds were as follows: (1) the conviction was obtained pursuant to "void process" in violation of *Ex Parte Siebold*, 100 U.S. 371 (1879); (2) he was denied a full and fair hearing in violation of *Townsend v. Sain,* 372 U.S. 293 (1963); (3) mittimuses were issued in violation of *Ex Parte Watkins,* 28 U.S. 193 (1830); and (4) the state court record was inadmissible because none of the records were "authenticated" as instruments of the state court.

The habeas form required petitioner to answer the following question: "If any of the grounds listed . . . were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them . . ."

3

(emphasis in original).  He entered the following response:  "Petition is not required to exhaust

state remedy [*sic*] when it is shown that the INDICTMENTS are fundamentally defective

depriving the state trial court of JURISDICTION to try the cause."  None of the arguments in the

petition were advanced (or even hinted at) in any of his previous state court arguments and

appeals.

On May 23, 2007, petitioner filed a motion requesting that this court appoint counsel to

represent him in the pending habeas matter.  Respondent subsequently moved on June 7, 2007, to

dismiss the petition as time-barred.  Petitioner's motion for appointment of counsel was referred

to Magistrate Judge Hillman, who denied it on July 12, 2007.  Petitioner filed an objection to that

ruling on July 15, 2007, and moved for an evidentiary hearing on his habeas claim on August 1,

2007.  The latter motion was accompanied by a memorandum that purported to explain and

bolster his substantive grounds for habeas relief.

## II.   Analysis

### A.   Statute of Limitations

Federal law provides a one-year statute of limitations for petitions for writs of habeas

corpus arising out of state court judgments.  28 U.S.C. § 2244(d)(1).  The limitation period runs

from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by
> the Supreme Court, if the right has been newly recognized by the Supreme Court

and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicates of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

As noted, the Supreme Judicial Court denied petitioner's application for leave to obtain further appellate review on March 10, 2004.  He did not file a petition for a writ of certiorari with the United States Supreme Court, and his conviction thus became final on June 8, 2004.  *See Lawrence v. Florida,* 127 S. Ct. 1079, 1081-82 (2007); *Clay v. United States,* 537 U.S. 522, 527 (2003) (stating that in the context of post-conviction relief, "finality attaches when [the United States Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires").  The limitation period thus began on June 8, 2004, and expired on June 8, 2005.

Candelora filed the present petition on March 5, 2007, more than one year and eight months after the limitation period expired.  Accordingly, the habeas petition is time-barred, and this Court must dismiss the petition, unless the limitations period was somehow tolled or extended.

**B.      Potential Arguments for Tolling or Extension of Limitations Period**

In both his initial petition for habeas corpus and his memorandum requesting an evidentiary hearing, petitioner did not address the statute of limitations issue.  Although respondent's sole argument in the motion to dismiss was based on the statute of limitations, petitioner's subsequent supplementary memorandum again did not address the issue.

Nonetheless, because *pro se* pleadings in a habeas case are to be "liberally construed,"

5

*Donovan v. Maine,* 276 F.3d 87, 94 (1st Cir. 2002), this Court will examine the record to determine whether petitioner is entitled to any tolling or extension of the limitation period.

### 1.    Pending State-Court Proceeding

The limitation period for filing habeas petitions is tolled during the pendency of state-court proceeding seeking post-conviction or collateral relief.  *See* 28 U.S.C. § 2244(d)(2).  If petitioner had any motion pending after June 8, 2004, that could be considered "state court review for post conviction or collateral relief," the limitation period would be tolled for the entire time such a motion was pending.  *See Phillips v. Spencer,* 477 F. Supp. 2d 306, 310 (D. Mass. 2007).  Any state court motions (even if they would substantively meet the requirements of the statute) filed *after* the expiration of the limitation period on June 8, 2005, have no impact on the timeliness of the petition.  "Section 2244(d)(2) only stops, but does not reset, the [limitations] clock from ticking and cannot revive a time period that has already expired."  *Phillips*, 477 F. Supp. 2d at 310-311 (*quoting Cordle v. Guarino*, 428 F.3d 46, 48 n.4 (1st Cir. 2005)).

The only motion that remained outstanding after June 8, 2004, was petitioner's motion to revise and revoke his sentence pursuant to Mass. R. Crim. P. 29.[2]  According to the docket, the trial judge did not deny the motion until May 17, 2006.  If this motion qualified, the period up to May 17, 2006, would be tolled, and the present petition would be timely.

A Rule 29 motion, however, is not considered "state court review for post conviction or collateral relief" for § 2244(d)(2) purposes.  *Phillips*, 477 F. Supp. 2d at 310.  Such a motion is "part and parcel of the original proceeding in which the defendant was sentenced" and simply

---

[2] "The trial judge upon his own motion or the written motion of a defendant filed within sixty days after the imposition of a sentence . . . may, upon such terms and conditions as [the judge] shall order, revise or revoke such sentence if it appears that justice may not have been done." Mass. R. Crim. P. 29(a).

"provides a mechanism whereby the trial judge may reconsider a concededly lawful sentence . . . ." *Phillips*, 477 F. Supp. 2d at 310 (quoting *Ledoux v. Dennehy,* 327 F. Supp. 2d 97, 99 (D. Mass. 2004)).  The limitation period accordingly was not tolled during the pendency of that motion.

## 2.      Newly-Recognized Constitutional Right

The creation of a "newly recognized" constitutional right that has been "made retroactively applicable to cases on collateral review" may also provide a potential means of extending the limitations period.  28 U.S.C. § 2244(d)(1)(C).

Petitioner's substantive argument is very difficult to follow, or even coherently summarize. His central thesis seems to be that the state court that convicted him lacked the jurisdiction to try him.  He contends that (1) he was convicted pursuant to "void process" in violation of *Ex Parte Siebold,* 100 U.S. 371 (1879); (2) "mittimuses [were] issued in violation" of *Ex Parte Watkins,* 28 U.S. 193 (1830) and (3) he was denied a full and fair pretrial evidentiary hearing in violation of *Townsend v. Sain,* 372 U.S. 293 (1963) as modified by *Keeney v. Tamayo-Reyes,* 504 U.S. 1 (1992).  In any event, none of the cases or concepts cited can be connected to a "newly recognized" constitutional right that the Supreme Court has made retroactively applicable. Section 2244(d)(1)(C) accordingly does not apply.

## 3.      Discovery of New Factual Predicate

The discovery of new evidence might also, under some circumstances, extend the limitations period.  Under the statute, the limitations period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2244(d)(1)(D).   This reference to "factual predicates" has been

construed to mean evidentiary facts or events, not court rulings or the legal consequences of facts. *Phillips*, 477 F. Supp. 2d at 311.  The limitations period begins to run when, based on an objective standard, "the prisoner knows (*or through diligence could discover*) the important facts, not when the prisoner recognizes their legal significance." *Id.* (emphasis added) (citing *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir. 2000)).

Even assuming that petitioner's contentions have substantive merit, the facts on which those claims are based could have been discovered before the limitations period expired on June 8, 2005.  Section 2244(d)(1)(D) accordingly does not apply.

### 4.    Equitable Tolling

Even when a habeas petitioner cannot extend or toll the limitations period on any statutory ground, the limitations period may nonetheless be equitably tolled in some circumstances. *Cordle,* 428 F.3d at 48; *Neverson v. Farguharson,* 366 F.3d 32, 41 (1st Cir. 2004).  "Equitable tolling . . . is the exception rather than the rule; resort to its prophylaxis is deemed justified only in extraordinary circumstances." *Delaney v. Matesanz,* 264 F.3d 7, 14 (1st Cir. 2001).  It is reserved primarily for cases "in which circumstances beyond the litigant's control have prevented [him] from promptly filing." *Lattimore v. Dubois,* 311 F.3d 46, 55 (1st Cir. 2002).  The petitioner bears the burden of establishing a basis for the equitable tolling and must prove the extraordinary nature of his circumstances. *Lattimore,* 311 F.3d at 55 (citing *Trenkler v. United States,* 278 F.3d 87, 93 (1st Cir. 2002)).

Extraordinary circumstances are those where a petitioner "was actively misled or prevented in some extraordinary way from asserting his rights." *Phillips*, 477 F. Supp. 2d at 312 (quoting *Delaney,* 264 F.3d at 15).  Garden-variety filing mistakes by petitioners and/or counsel

(such as ignorance about the fact that the limitations period exists or an error in calculating the limitations period) do not constitute extraordinary circumstances warranting equitable tolling. *Cordle,* 428 F.3d at 48; *David v. Hall,* 318 F.3d 343, 346 (1st Cir. 2003).

Petitioner submits no facts or arguments as to why his situation constitutes an extraordinary circumstance.  His only real argument is that technical defects in documents concerning the convicting court's jurisdiction entitles him to relief, and has made no effort to address or explain his failure to file within the limitations period.  *See Lattimore,* 311 F.3d at 55 ("ignorance of the law alone, even for incarcerated *pro se* prisoners, does not excuse an untimely [habeas] filing").  Equitable tolling is therefore not appropriate.

### C.    Failure to Exhaust State Remedies

The  petition is also defective on an additional ground.  A necessary predicate for habeas relief is that the claims presented in the federal habeas case be first presented to the state courts. 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the state"); *see also Picard v. Connor,* 404 U.S. 270, 275 (1971); *Evans v. Verdini,* 466 F.3d 141, 145 (1st Cir. 2006).

Petitioner never brought any of the present claims to the attention of any state court.  His grounds of appeal dealt exclusively with alleged errors committed at trial.  *See also Candelora,* 2003 WL 22992125 at *1-3.  Accordingly, even if the petition had been filed in a timely manner, his present claims would be entirely unexhausted and not properly before this Court, and the

petition would therefore still be dismissed.  *See Verdini,* 466 F.3d at 145.[3]

**D.     Motion for Evidentiary Hearing**

On August 1, 2007, Candelora filed a motion for an evidentiary hearing on his habeas

claim.  A court may hold an evidentiary hearing on a claim when the applicant shows that:

(A) the claim relies on –

(i) a new rule of constitutional law, made retroactive to cases on collateral review
by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been discovered through the exercise of
due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and
convincing evidence that but for constitutional error, no reasonable fact-finder
would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2); *see also Neverson v. Bissonnette,* 242 F. Supp. 2d 78, 88-89 (D. Mass.

2003), *aff'd on other grounds,* 366 F. 3d 32 (1st Cir. 2004).  This court has already considered

and denied the possibility that a "newly recognized constitutional right" or a "new factual

predicate" are asserted in petitioner's case.  Petitioner's motion for an evidentiary hearing is

therefore denied.

**E.     Motion for Appointment of Counsel**

As previously noted, petitioner filed a request for appointment of counsel in this matter

because "the issues which make up the Graverman [*sic*] of this case are very complex, therefore

requiring the assistance of counsel."  That motion was referred to Magistrate Judge Hillman, who

---

[3] Petitioner did address the state exhaustion issue in both his initial petition and later memorandum,
stating that "Petition is not required to exhaust state remedy when it is shown that the INDICTMENTS are
fundamentally defective depriving the state trial court of JURISDICTION to try the cause."  It scarcely need be said
that petitioner, convicted in a state court, cannot avoid the state exhaustion requirement by unilaterally declaring
the illegitimacy of state courts.

denied it on July 12, 2007.  On July 15, 2007, this court received a letter from petitioner, in which he stated his opposition to the Magistrate Judge's decision and reiterated "I am not capable of representing myself in this and hope that the court will realize this and further realize that my chances of a fair and due process rely on appointment of councel [*sic*]."  Petitioner specifically disputed Judge Hillman's decision that he was not indigent, based on a lack of evidence in the record.  Along with his letter, petitioner submitted evidence of his inmate account at prison, although he did not submit any affidavit of indigency.

Although not technically worded as such, the Court will deem the letter to be a motion for reconsideration pursuant to 28 U.S.C. § 636(b)(1)(A).

The Magistrate Judge's order is plainly not contrary to law, or indeed erroneous.  The decision to appoint counsel is discretionary, as "an indigent civil litigant in federal court has no constitutional or statutory right to the appointment of counsel, even if he is challenging a criminal conviction as by a proceeding . . . for habeas corpus." *Huenefeld v. Maloney,* 2 Fed. Appx. 54, 61 (1st Cir. 2001) (citing *Dellenbach v. Hanks,* 76 F.3d 820, 823 (7th Cir. 1996)).  In order to establish an entitlement to appointed counsel, petitioner must show that he is indigent and that there exist exceptional circumstances "such that a denial of counsel [is] is likely to result in fundamental unfairness impinging on his due process rights." *Derosiers v. Moran,* 949 F.2d 15, 23 (1st Cir. 1991); *Cookish v. Cunningham,* 787 F.2d 1, 2 (1st Cir. 1986).  The facts a court may consider include the indigent's ability to conduct whatever factual investigation is necessary to support his claim, the complexity of the factual and legal issues involved, and the capability of the indigent petitioner to present the case. *Cookish,* 787 F.2d at 3; *Manisy v. Maloney,* 283 F. Supp. 2d at 307, 317 (D. Mass. 2003).

11

The Magistrate Judge made a threshold finding that the petitioner was *not* indigent, because petitioner had not submitted any evidence to that effect.  The motion for appointment of counsel was properly denied on that basis.[4]  After that ruling, petitioner filed unsworn financial information indicating that he has relatively small amounts in his prison account.  That, however, is not a sufficient basis to overturn the Magistrate Judge's order.  Petitioner's motion to reconsider the order of the Magistrate Judge concerning appointment of counsel will therefore be denied.

**III.**    **Conclusion**

For the foregoing reasons:

1.    petitioner's motion to reconsider the order of the Magistrate Judge concerning appointment of counsel is DENIED;

2.    petitioner's motion for an evidentiary hearing is DENIED; and

3.    respondent's motion to dismiss the petition for writ of habeas corpus is GRANTED.

**So Ordered.**

                                                  /s/   F. Dennis Saylor
                                                  F. Dennis Saylor IV
                                                  United States District Judge

Dated: March 6, 2008

---

[4]  In the alternative, the Magistrate Judge found that even if petitioner was assumed to be indigent, petitioner had not established the existence of "exceptional circumstances" that warrant the appointment of counsel.