# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN W. CANDELORA, | ) | |
|  | ) | |
| Petitioner, | ) | |
|  | ) | Civil Action No. |
| v. | ) | 07-40049-FDS |
|  | ) | |
| STEVEN O'BRIEN, | ) | |
|  | ) | |
| Respondents. | ) | |
|  | ) | |

### MEMORANDUM AND ORDER ON PETITIONER'S
### MOTION FOR CERTIFICATE OF APPEALABILITY

**SAYLOR, J.**

This matter is pending before the Court on petitioner John W. Candelora's request for a Certificate of Appealability ("COA"). Candelora seeks a COA to allow him to appeal this Court's order of March 6, 2008, dismissing his petition for a writ of habeas corpus as time-barred under 28 U.S.C. § 2244(d), dismissing his motion for an evidentiary hearing, and dismissing his motion for request of appointment of counsel. For the reasons stated below, the request for a COA will be denied.

**I.   Background**

On March 9, 2001, a Plymouth Superior Court jury convicted Candelora of the following charges: (1) forcible rape of a child; (2) statutory rape; (3) assault with intent to rape; and (4) three counts of indecent assault and battery on a child under the age of 14. Candelora filed a timely appeal of this conviction citing five grounds for reversal. The appeals court rendered its opinion on December 19, 2003 rejecting the first four grounds, but agreeing with the fifth ground of appeal as to two of the convictions. *See Commonwealth v. Candelora*, 2003 WL 22992125

(Mass. App. Ct. 2003)  Those convictions and sentences were vacated. *Id*. at *3

Petitioner then filed a timely application for leave to obtain further appellate review from the Supreme Judicial Court. *Commonwealth v. Candelora*, 441 Mass. 1104 (2004).  The Supreme Judicial Court denied the application on March 10, 2004. *Id*.  Candelora had one outstanding motion related to his trial when the Supreme Judicial Court denied review.  On March 12, 2001, he filed a motion to revise and revoke his sentence pursuant to Mass. R. Crim. P. 29.  This motion was denied by the trial judge on May 17, 2006.

On March 5, 2007, Candelora filed a petition for a writ of habeas corpus in this Court.  Respondent, Steven O'Brien moved to dismiss the petition as time-barred under 28 U.S.C. §2244(d).  On August 1, 2007, the petitioner filed a motion for an evidentiary hearing on his habeas claim.

## II.     Analysis

### A.     Dismissal of Habeas Petition

In a Memorandum and Order dated March 6, 2008, this Court granted respondent's motion to dismiss.  As the Court explained, effective April 24, 1996, Congress enacted a statute of limitations applicable to federal habeas corpus petitions filed by state prisoners as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  28 U.S.C. § 2244(d).  That statute sets a one-year limitation period that runs from the time that the state court judgment of conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The statute provides exceptions to the one-year limitations period where an untimely filing was caused by the state, where new constitutional rights have been created by the Supreme Court,

or where there is newly discovered evidence.  28 U.S.C. § 2244(d)(1)(B)-(D).  The AEDPA also excludes from the one-year limitations period the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ."  28 U.S.C. § 2244(d)(2).  In addition, equitable tolling of the AEDPA's limitations period may be available when "extraordinary circumstances" beyond the petitioner's control prevented the prompt filing of the petition.  *Cordle v. Guarino*, 428 F.3d 46, 48 (1st Cir. 2005).

The Court noted that the Massachusetts Supreme Judicial Court denied petitioner's application for leave to obtain further appellate review on March 10, 2004.  Petitioner did not file a petition for a writ of certiorari with the United States Supreme Court.  Therefore, petitioner's conviction became final on June 8, 2004, when his opportunity to seek certiorari expired.  Accordingly, he was required to file his habeas petition by June 8, 2005.  However, petitioner did not commence his habeas action in this Court until March 5, 2007, more than one year and eight months after his conviction became final.

Although petitioner had an outstanding motion related to his trial until May 17, 2006, it did not meet the requirements of the statute in order to toll the limitations period.  A Rule 29 motion is not considered "state court review for post conviction or collateral relief" for §2244(d)(2) purposes.  *Phillips v. Spencer*, 477 F. Supp. 2d 306, 310 (D. Mass. 2007).

In sum, the Court dismissed the habeas petition because petitioner failed to file within the time period permitted by the AEDPA and because he did not make any showing that this failure was due to extraordinary circumstances or circumstances beyond his control.

B.     **Dismissal of Motion for Evidentiary Hearing**

In the March 6, 2008 Memorandum and Order, the Court also denied petitioner's motion for an evidentiary hearing. The Court noted that a court may hold an evidentiary hearing on a claim when the applicant shows that:

(A) the claim relies on-

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(ii) a factual predicate that could not have been discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2).

These factors mirror the requirements for tolling the limitations period for a habeas claim. Thus, as the Court noted, there are no "newly recognized constitutional right[s]" nor "new factual predicate[s]" asserted by the petitioner that would warrant granting an evidentiary hearing.

C.     **Motion for Appointment of Counsel**

Petitioner also requests a COA to allow him to appeal the denial of his motion for appointment of counsel. This motion was referred to the Magistrate Judge, who denied it on July 12, 2007. On July 15, 2007, this Court received a letter from petitioner (which it deemed to be a motion for reconsideration) that disputed Judge Hillman's decision that he was not indigent. Included with this letter was evidence of his inmate account at prison, although he did not submit any affidavit of indigency.

The Court noted in its March 6, 2008 Memorandum and Order that Judge Hillman's order is not contrary to law or erroneous. The decision to appoint counsel is discretionary. "An

4

indigent civil litigant in federal court has no constitutional or statutory right to the appointment of counsel, even if he is challenging a criminal conviction as by a proceeding . . . for habeas corpus." *Huenefeld v. Maloney*, 2 Fed. Appx. 54, 61 (1st Cir. 2001) (citing *Dellenbach v. Hanks*, 76 F.3d 820, 823 (7th Cir. 1996)). The Magistrate Judge made a threshold finding that petitioner was not indigent because no evidence was presented to that effect. The Court also noted that the unsworn financial information later provided indicating that petitioner has relatively small amounts in his prison account was not enough to overturn the Magistrate Judge's decision.

### D. Request for COA

Petitioner now seeks a COA allowing him to appeal the dismissal of his petition. A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 does not have an automatic right to appeal a district court's denial or dismissal of the petition. 22 U.S.C. § 2253(b). Instead, such a petitioner must first seek and obtain a COA from a circuit justice or judge. 28 U.S.C. § 2253(c). By local rule, in the First Circuit, "[a] petitioner wishing to appeal from the denial of a § 2254 or § 2255 petition must file a timely notice of appeal and should promptly apply to the district court for a certificate of appealability." First Circuit Local Rule 22.1(b). Ordinarily, the Court of Appeals will not initially "receive or act on a request for a [COA] if the district judge who refused the writ is available, unless an application has first been made to the district court judge." *Id.*

The United States Supreme Court has indicated that where—as here—"the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

5

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  The Supreme Court has further instructed that the two prongs of this analysis—one directed at the underlying constitutional claims and the other at the procedural holding—are "part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.

In the present case, the Court concludes, for the reasons set forth in its Memorandum and Order dismissing the petition and recounted above, that reasonable jurists could not find that the dismissal of the habeas petition as time-barred was incorrect or debatable.  Accordingly, the request for a COA will be denied.

### III. Conclusion

For the foregoing reasons, the request for a Certificate of Appealability is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: March 24, 2008